UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARRETTE OUTDOOR LIVING, INC.,
7830 Freeway Circle
Middleburg Heights, Ohio 44130,

    Plaintiff,

vs.

IRON WORLD MANUFACTURING, LLC,
9390 Davis Avenue
Laurel, Howard County, Maryland 20810,

    Defendant.

CIVIL ACTION No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW COMES the plaintiff, Barrette Outdoor Living, Inc., and for its Complaint against defendant Iron World Manufacturing, LLC, states as follows:

### THE NATURE OF THE COMPLAINT

1. This is an action at law and in equity for patent infringement. In particular, the Defendant has infringed one or more duly issued patents of the Plaintiff.

### THE PARTIES

2. Plaintiff Barrette Outdoor Living, Inc. ("Barrette") is a corporation organized under the laws of Ohio, with a principal place of business in Middleburg Heights, Ohio.

3. Upon information and belief, defendant Iron World Manufacturing, LLC ("Iron World") is a limited liability company organized under the laws of the State of Maryland and has its principal place of business at 9390 Davis Avenue, Laurel, Maryland 20810.

## JURISDICTION AND VENUE

4. This is an action for patent infringement. The patent claims arise under the patent laws of the United States, including specifically 35 U.S.C. §281. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. §§1331, 1338, and 35 U.S.C. §281 because this action arises under the patent laws of the United States, 35 U.S.C. §1 et seq.

5. This Court has personal jurisdiction over defendant because it has its headquarters in this district, specifically in Laurel, Maryland, and because defendant has engaged in infringement of plaintiff's patents in this district.

6. Venue is proper in the District of Maryland pursuant to 28 U.S.C. §1391(b)(2) and/or 28 U.S.C. §1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, defendant is subject to personal jurisdiction in this district, and infringement has occurred within this judicial district.

## FACTUAL ALLEGATIONS

7. Plaintiff is in the business of providing high-quality fencing and railing products, including extruded metal fencing and railings, for both residential and commercial applications.

8. Plaintiff is the owner by assignment of duly issued United States Patent No. 8,413,965, United States Patent No. 8,413,332, and United States Patent No. 9,151,075 (sometimes hereinafter collectively referred to as "the Patents").

9. The named inventors of these three patents have assigned them to Barrette and the assignments have been duly recorded in the United States Patent and Trademark Office.  Barrette is, accordingly, the owner of record of these three patents.

10. Plaintiff's U.S. Patent No. 8,413,965 ("the ´965 Patent") is an apparatus patent that discloses and claims a fencing/railing apparatus with a sliding pivotal connection between

the pickets and the rails.   A true and correct copy of the ´965 Patent is attached hereto as Exhibit 1.

11. Plaintiff's U.S. Patent No. 8,413,332 ("the ´332 Patent") is a method patent that teaches and claims a method for manufacturing a fencing/railing assembly.   A true and correct copy of the ´332 Patent is attached hereto as Exhibit 2.

12. Plaintiff's U.S. Patent No. 9,151,075 ("the ´075 Patent") is an apparatus patent that discloses and claims a fencing/railing apparatus with one or more connectors that provide a pivotal connection to one or more respective pickets to permit a pivoting motion therebetween. A true and correct copy of the ´075 Patent is attached hereto as Exhibit 3.

13. Plaintiff and defendant are business competitors.

14. Upon information and belief, defendant sells an infringing copy of the patented fencing/railing and manufactures the same using an infringing manufacturing method.  Such fencing includes at least the product depicted in Exhibit 4.

15. Defendant has been and is currently making, using, offering for sale, selling, and/or importing a fencing/railing that infringes the ´965 Patent and the ´075 Patent.

16. Upon information and belief, defendant has practiced, continues to practice, and intends to continue to practice a method for manufacturing a fencing/railing that infringes the ´332 Patent.

17. Upon information and belief, defendant's manufacturing method and fencing/railing apparatus infringe one or more independent and dependent claims of the ´965, ´332, and/or ´075 Patents.

18.     On May 20, 2019, Barrette sent written notice to Iron World regarding its infringement of the ´965, ´075, and ´332 Patents. A copy of that notice is attached hereto as Exhibit 5.  Defendant ignored Barrette's May 20, 2019 letter.

19.     On June 13, 2019, Barrette sent Iron World another notice, stating that Barrette had received no response to the May 20, 2019 letter, enclosing a copy of that letter, and stating that failure to comply with the demands set forth in the May 20 letter might result in legal action. A copy of the June 13, 2019 letter is attached hereto as Exhibit 6.

20.     Iron World ignored the June 13, 2019 letter.

21.     A couple of weeks after the June 13, 2019 was sent, Barrette had a telephone conversation with Iron World's president, Richard Stellabuto.  In that conversation, Mr. Stellabuto asked for an additional two weeks to respond to the demand letters.  Two weeks passed without a response.  Accordingly, Barrette called Mr. Stellabuto again and left a voicemail message.  The voicemail message also went unanswered.  In short, Iron World has never responded to Barrette's demand letters.

22.     Iron World is not authorized in any way to use the Patents owned by Barrette. Defendant is without a license, express or implied, to practice the ´965, ´332, or ´075 Patents.

23.     The aforementioned activities of Iron World have injured and threaten future injury to Barrette.  More specifically, on information and belief, Iron World's activities have caused Barrette to lose sales that it otherwise would have made but for the sales of defendant.

## COUNT I

### Patent Infringement Under 35 U.S.C. § 271--´965 Patent

24.      Barrette hereby incorporates by reference each of the foregoing allegations as if set forth fully herein.

25. Iron World has been and is currently making, using, offering for sale, selling, and/or importing an apparatus, in particular, a fencing/railing, that infringes one or more claims of the ´965 Patent.

26. Iron World's conduct infringes one or more claims of the ´965 Patent, and Iron World is in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

27. Iron World will continue to make, use, offer for sale, sell, and/or import its infringing fencing/railing unless enjoined by this Court.

28. Iron World has been, and is, infringing, actively inducing infringement of, and/or contributorily infringing the ´965 Patent.

29. Plaintiff is entitled to an injunction pursuant to 35 U.S.C. § 283 restraining Iron World and its officers, agents, employees, and all persons acting in concert with them from engaging in further patent infringement of Barrette's ´965 Patent.

30. Iron World's infringement is and has been deliberate, willful, and with full knowledge of Plaintiff's patent rights and, as a result, Barrette is entitled to treble damages pursuant to 35 U.S.C. § 284.

31. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorneys' fees to Barrette is justified.

## COUNT II

### Patent Infringement Under 35 U.S.C. § 271--´332 Patent

32. Barrette hereby incorporates by reference each of the foregoing allegations as if set forth fully herein.

33. Iron World has been and is currently making one or more fencing/railing products using a method that infringes one or more claims of the ´332 Patent.

34. Iron World's conduct infringes one or more claims of the ´332 Patent, and Iron World is in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

35. Iron World will continue to make products using the infringing method unless enjoined by this Court.

36. Plaintiff is entitled to an injunction pursuant to 35 U.S.C. § 283 restraining Iron World and its officers, agents, employees, and all persons acting in concert with them from engaging in further patent infringement of Barrette's ´332 Patent.

37. Iron World's infringement is and has been deliberate, willful, and with full knowledge of Plaintiff's patent rights and, as a result, Barrette is entitled to treble damages pursuant to 35 U.S.C. § 284.

38. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorneys' fees to Barrette is justified.

## COUNT III

### Patent Infringement Under 35 U.S.C. § 271--´075 Patent

39. Barrette hereby incorporates by reference each of the foregoing allegations as if set forth fully herein.

40. Iron World has been and is currently making, using, offering for sale, selling, and/or importing an apparatus, in particular, a fencing/railing, that infringes one or more claims of the ´075 Patent.

41. Iron World's conduct infringes one or more claims of the ´075 Patent, and Iron World is in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

42. Iron World will continue to make, use, offer for sale, sell, and/or import its infringing fencing/railing unless enjoined by this Court.

43. Iron World has been, and is, infringing, actively inducing infringement of, and/or contributorily infringing the ´075 Patent.

44. Plaintiff is entitled to an injunction pursuant to 35 U.S.C. § 283 restraining Iron World and its officers, agents, employees, and all persons acting in concert with them from engaging in further patent infringement of Barrette's ´075 Patent.

45. Iron World's infringement is and has been deliberate, willful, and with full knowledge of Barrette's patent rights and, as a result, Barrette is entitled to treble damages pursuant to 35 U.S.C. § 284.

46. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorneys' fees to Barrette is justified.

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, Barrette requests judgment on all counts in its favor and against Iron World providing for the following relief:

A. That Barrette be granted an accounting;

B. That Barrette be awarded damages, including but not limited to compensatory damages, lost profits, and/or a reasonable royalty, in an amount to be determined at trial;

C. That the Court find this to be an exceptional case and award Barrette all of its costs and reasonable attorney fees in respect thereto in accordance with 35 U.S.C. §§ 284-285;

D. That a preliminary injunction and permanent injunction be entered enjoining Iron World and all of its officers, agents, subsidiaries, successors, employees, representatives, assigns, and all others acting in concert therewith, from making,

using, selling, importing, or offering to sell any product that infringes any of the claims of any of the Patents;

E.  That Barrette be awarded such other and further relief as the Court shall deem just and equitable under the circumstances.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  October 16, 2019

Respectfully submitted,

By:    /s/Justus Getty
Justus Getty (D. Md. Bar No. 14031)
JLGetty@duanemorris.com
DUANE MORRIS LLP
505 9TH Street, N.W., Suite 1000
Washington, DC 20004-2166
Tel:     202-776-7800
Fax:    202-776-7801

Of Counsel:
David J. Wolfsohn
DJWolfsohn@duanemorris.com
(*pro hac vice admission pending*)
Tyler R. Marandola
TMarandola@duanemorris.com
(*pro hac vice admission pending*)
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, PA 19103
Tel:     215-979-1000
Fax:    215-979-1020

*Attorneys for Plaintiff Barrette Outdoor Living, Inc.*