**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| BARRETTE OUTDOOR LIVING, INC.,<br>7830 Freeway Circle<br>Middleburg Heights, Ohio 44130 | : <br> : <br> : <br> : |
| Plaintiff, | : <br> : |
| vs. | : CIVIL ACTION NO. 1:19-cv-03027-SAG<br> : |
| IRON WORLD MANUFACTURING, LLC,<br>9390 Davis Avenue<br>Laurel, Howard County, Maryland 20810, | : **JURY TRIAL DEMANDED**<br> : <br> : |
| Defendant. | : <br> : |

## DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT ENTERED AGAINST THEM PURSUANT TO FED. R. CIV. P. 55(c)

Pursuant to Fed. R. Civ. P. 55(c), Defendant Iron World Manufacturing, LLC ("Iron World" or "Defendant"), by and through its undersigned counsel, moves this Honorable Court to set aside the default entered by the Clerk of the Court on December 18, 2019 for good cause. In support of this motion, Defendant files a Memorandum of Law in Support and proposed Answer to Plaintiff's complaint, and also avers the following:

Lifting the default would not prejudice Plaintiff. This motion to set aside the default entered against Defendant is being filed approximately one month from the entry of default. There is also no risk of a loss of evidence, or any increased potential for fraud or collusion by having the default set aside.

Defendant has prima facie meritorious defenses to the allegations in Plaintiff's complaint. Plaintiff failed to state a sufficient patent infringement claim upon which relief can be granted because Plaintiff failed to allege with sufficient particularity the claims alleged to be infringed,

1

by what products such claims were allegedly infringed, and the elements that are infringing.

Moreover, Defendant asserts in its defense that it does not infringe the alleged patents.

Defendant's conduct is excusable and not culpable because Defendant did not engage in any dilatory behavior that is willful or in bad faith. Defendant was not knowledgeable as to the requirements, obligations, and deadlines associated with the service of a complaint, of having a limited time to respond thereto, or the requirements to respond adequately. Defendant was also not aware and did not receive any notice of the entry of default. Upon being informed of both when Defendant retained counsel, Defendant diligently and in good faith engaged counsel to represent it in this case and to file this motion.

WHEREFORE, Defendant respectfully requests that this Honorable Court set aside the default judgment issued against Defendant.

Respectfully submitted,

Date: January 27, 2020

Ruy M. Garcia-Zamor
Bar ID: 20579
Garcia-Zamor Intellectual Property Law, LLC
12960 Linden Church Road
Clarksville, Maryland 21029
P: 410-531-9853 ext. 101
C: 215-292-2305
F: 410-531-9854
ruy@garcia-zamor.com

Frank A. Mazzeo (*pro hac vice motion to be filed*)
Ryder, Mazzeo & Konieczny LLC
808 Bethlehem Pike, Suite 200
Colmar, PA 18915
(215) 997-0248
fmazzeo@rmkiplaw.com

*Attorneys for Defendant*

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| BARRETTE OUTDOOR LIVING, INC.,<br>7830 Freeway Circle<br>Middleburg Heights, Ohio 44130 | : <br> : <br> : <br> : |
| Plaintiff, | : <br> : |
| vs. | : CIVIL ACTION NO. 1:19-cv-03027-SAG <br> : |
| IRON WORLD MANUFACTURING, LLC,<br>9390 Davis Avenue<br>Laurel, Howard County, Maryland 20810, | : **JURY TRIAL DEMANDED** <br> : <br> : <br> : |
| Defendant. | : <br> : |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO SET**
**ASIDE THE DEFAULT PURSUANT TO FED. R. CIV. P. 55(c)**

### I.     FACTUAL BACKGROUND

Upon information and belief, Plaintiff is a provider of fencing and railing products for residential and commercial applications.  Plaintiff claims to own three patents identified in its complaint, namely, U.S. Patent Nos. 8,413,965; 8,413,332; and 9,151,075, all relating to fencing/railing apparatuses and method for manufacturing a fencing/railing assembly.  Defendant is a decorative and ornamental fencing and gate manufacturer, specializing in iron fencing and custom fence designs.

Plaintiff filed this action on October 16, 2019.  In its complaint, Plaintiff raises three (3) counts of patent infringement based generally on the above-identified patents.  Compl., Dkt. #1.  On October 28, 2019, Plaintiff filed affidavits of service signifying that purportedly, Defendant had been served with the complaint on October 22, 2019.  Affidavits of Service, Dkt. #10.  On December 18, 2019, Plaintiff requested that default be entered and a default judgment be issued

1

against Defendant for not having answered or otherwise responded to the complaint.  Motion for Default, Dkt. #12-13.  Such default was entered the same day.

Accordingly, before the Court is Defendant's motion to set aside the default.  Defendant additionally submits this Memorandum of Law in Support of its motion.

## II.   **LEGAL STANDARD**

In setting aside a default under Fed. R. Civ. P. 55(c), a court may consider the following six factors as established in the Fourth Circuit in deciding whether good cause exists for setting aside the entry of default: (1) whether the moving party has a meritorious defense; (2) whether the moving party acts with reasonable promptness; (3) the personal responsibility of the moving party; (4) prejudice to the nonmoving party; (5) the moving party's history of dilatory action; and (6) availability of less drastic sanctions.  *See Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).

Courts have broad discretion in deciding whether to set aside default.  *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987).  Defaults are generally disfavored because they forego a decision on the merits of the case, and courts in the Fourth Circuit have consistently held that civil rules should be construed liberally to set aside a default, only necessitating good cause.  *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811-12 (4th Cir. 1988).  Furthermore, any doubts about whether default should be set aside "should be resolved in favor of setting aside the default so that the case may be heard on the merits."  *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

## III.   **ARGUMENT**

Good cause exists to set aside the default entry in this case because all pertinent factors weigh in Defendant's favor.  Of the six factors examined in this Circuit, the existence of a

2

meritorious defense and the moving party's reasonable promptness are generally given the most weight. *See Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

### 1. Defendant's Meritorious Defenses

Defendant presents at least two meritorious defenses to the allegations in the complaint. This Court is not required to decide whether a presented meritorious defense would be decisive of the matter at hand, but only that there be a "presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party" *U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Defendant's defenses are also presented in the proposed answer to the complaint attached hereto as Exhibit A and incorporated herein by reference.

Plaintiff fails to plead its patent infringement claims with sufficient particularity, failing, on the face of the complaint, to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). At the least, a complainant is required to provide the grounds of its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. To plausibly allege direct patent infringement, a complainant must plead specific facts showing that the defendant without authority made, used, offered to sell, or sold within the United States, or imported into the United States, any patented invention during the term of the patent therefor. 35 U.S.C. § 271(a).

To plausibly allege patent infringement by inducement, a complainant must plead specific facts showing that the defendant had knowledge of, or willful blindness to, the existence

3

of the patent(s) at issue, engaged in acts to induce a third party to perform acts to infringe the patent(s) and the third party performed such acts, knew or was willfully blind to the fact that such acts by a third party constituted infringement of the patent(s), and acted with specific intent to cause such infringement. 35 U.S.C. § 271(b); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1303, 1306 (Fed. Cir. 2006); *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011)). "[The complaint] must contain facts plausibly showing that [the defendant] specifically intended [a third party] to infringe . . . and knew that the [third party's] acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

To plausibly allege contributory patent infringement, a complainant must plead specific facts showing that the defendant had knowledge of the existence of the patent(s) at issue, provided a component with no substantial non-infringing use to a third party, which component formed a material part of the patented invention, knew that the combination for which its component was designed was both patented and infringing, and that a third party directly infringed the patent(s) at issue. 35 U.S.C. § 271(c); *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010); *Global-Tech Appliances*, 131 S. Ct. at 2067; *Commil*, 135 S. Ct. at 1926. A complainant must plead facts specifically to show that the component(s) provided by the defendant has no substantial non-infringing uses. *Bill of Lading*, 681 F.3d at 1337.

Only in the broadest senses does Plaintiff identify the alleged products and methods of Defendant that it claims infringe claims of its identified patents, none of which claims Plaintiff identifies. Plaintiff makes only one mention of a potentially infringing product in paragraph 14 of the complaint and speculates for the remainder of its allegations. Plaintiff fails to identify any

4

direct infringer to support its claims of secondary liability by inducement or contributory infringement, which is required. In short, Plaintiff puts forth nothing but conclusory allegations that Defendant must apparently be infringing some number of unidentified claims in three patents by virtue of its sale of products. These types of conclusory allegations do not adequately put Defendant on notice of the claimed infringement, do not permit Defendant to adequately and sufficiently defend itself against Plaintiff's claims, and are no longer sufficient under the pleading standard since the abrogation of Form 18. As such, the patent infringement claims must fail under Rule 12(b)(6).

Defendant also presents other meritorious defenses, including non-infringement of the patents at issue and invalidity of those patents, both of which Defendant is still investigating in light of Plaintiff's claims.

### 2.      **Defendant Acted Promptly**

Even where a party is responsible for causing the delay in responding to the complaint, courts in this Circuit have still granted a motion to set aside a default where the delaying party acted with reasonable promptness in moving to set aside the default, based on the facts and circumstances of the situation. *U.S. v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

In this case, Defendant acted with reasonable promptness in moving to set aside the default as soon as it was made aware of the default, the consequences, and obligations. Defendant had not previously consulted an attorney and did not know before recently that a default had been entered or what it signified. Since then, Defendant acted promptly by engaging counsel and filing this motion.

### 3.   Prejudice to the Plaintiff

Plaintiff would not suffer any prejudice from the setting aside of the default. The default in this case was entered after only the filing and service of the complaint. As such, the matter is still at a preliminary stage, and Plaintiff has not yet incurred great expense in litigating the case. No relevant evidence has become lost or unavailable. The time for discovery would not have commenced. There is no evidence to suggest Plaintiff will incur additional expense or has already acted in substantial, justifiable reliance on the default such that it would be prejudiced were the default to be set aside. Defendant has not used its default to collude or commit fraud. Simply allowing the case to proceed does not in itself materially impair or otherwise compromise Plaintiff's claim so as to constitute prejudice.

### 4.   Defendant's Conduct in the Delay

Defendant exhibited no history of culpable or dilatory conduct in failing to timely answer or otherwise respond to the complaint. Defendant's delay was not willful or in bad faith. Defendant acted diligently and in good faith since receiving notice of the default and being advised of its consequences. Upon receiving such notice, Defendant diligently sought and engaged counsel to respond in preparing and filing this motion and attached answer to the complaint. Prior to that, Defendant had no actual notice of the default having been entered. The foregoing is supported by Defendant's declaration, which is attached hereto as Exhibit B and incorporated herein by reference.

### IV.   CONCLUSION

Defendants respectfully request this Court, in consideration of the foregoing, to set aside the entry of default and allow this case to be decided on its merits.

Respectfully submitted,

Date: January 27, 2020

Ruy M. Garcia-Zamor
Bar ID: 20579
Garcia-Zamor Intellectual Property Law, LLC
12960 Linden Church Road
Clarksville, Maryland 21029
P: 410-531-9853 ext. 101
C: 215-292-2305
F: 410-531-9854
ruy@garcia-zamor.com

Frank A. Mazzeo (*pro hac vice motion to be filed*)
Ryder, Mazzeo & Konieczny LLC
808 Bethlehem Pike, Suite 200
Colmar, PA 18915
(215) 997-0248
fmazzeo@rmkiplaw.com

*Attorneys for Defendant*

7

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BARRETTE OUTDOOR LIVING, INC.,     :
7830 Freeway Circle     :
Middleburg Heights, Ohio 44130     :
    :
       Plaintiff,     :
    :
    vs.     : CIVIL ACTION NO. 1:19-cv-03027-SAG
    :
IRON WORLD MANUFACTURING, LLC,     : **JURY TRIAL DEMANDED**
9390 Davis Avenue     :
Laurel, Howard County, Maryland 20810,     :
    :
       Defendant.     :
    :

## ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Iron World Manufacturing, LLC ("Iron World" or "Defendant"), by and

through its undersigned counsel, respond to the allegations of the Complaint by Plaintiff Barrette

Outdoor Living, Inc. ("Barrette" or "Plaintiff") as follows:

### The Nature of the Complaint

1.      Admitted in part and denied in part. It is only admitted that the Complaint

purports to allege an action for patent infringement. The remaining allegations of this paragraph,

however, are denied as conclusions of law.

### The Parties

2.      Denied. Defendants are without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in this paragraph, and therefore deny them.

3.      Admitted.

1

## Jurisdiction and Venue

4.      Admitted in part and denied in part.  It is only admitted that the Complaint purports to allege an action on the counts summarized in this paragraph.  The remaining allegations of this paragraph, however, are denied as conclusions of law.

5.      Admitted in part and denied in part.  It is only admitted that Defendant has its headquarters in this district, in Laurel, Maryland.  The remaining allegations of this paragraph are denied as a conclusion of law.

6.      Denied as a conclusion of law.

## Factual Allegations

7.      Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny them.

8.      Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny them.

9.      Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny them.  By way of further response, any referenced assignments speak for themselves.

10.      Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny them.  By way of further response, U.S. Patent No. 8,413,965 speaks for itself.

11.      Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny them.  By way of further response, U.S. Patent No. 8,413,332 speaks for itself.

12.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny them.  By way of further response, U.S. Patent No. 9,151,075 speaks for itself.

13.     Admitted in part and denied in part.  It is only admitted that Plaintiff, upon information and belief, appears to market fencing and related goods.

14.     Admitted in part and denied in part.  It is admitted only that Defendant sells the product depicted in Exhibit 4 to Plaintiff's Complaint.  The remaining allegations in this paragraph are denied as a conclusion of law.

15.     Denied as a conclusion of law.

16.     Denied.  Further denied as a conclusion of law.

17.     Denied as a conclusion of law.

18.     Admitted in part and denied in part.  It is admitted only that Defendant received a letter from Plaintiff dated May 20, 2019.  The remaining allegations of this paragraph are denied.  By way of further response, Exhibit 5 was not filed by Plaintiff.

19.     Admitted in part and denied in part.  It is admitted only that Defendant received a letter from Plaintiff dated June 13, 2019.  The remaining allegations of this paragraph are denied.  The referenced letter speaks for itself.  By way of further response, Exhibit 6 was not filed by Plaintiff.

20.     Denied.

21.     Admitted in part and denied in part.  It is admitted only that a representative of Plaintiff spoke to Defendant's president, Richard Stellabuto in a telephone conversation.  The remaining allegations in this paragraph are denied.

3

22.     Admitted in part and denied in part.  It is admitted only that there is no written license agreement between Barrette and Iron World.  The remaining allegations of this paragraph are denied.

23.     Denied.  Further denied because Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore deny them.

## Count I

### Patent Infringement under 35 U.S.C. § 271 – '965 Patent

24.     Defendant incorporates its responses to the foregoing allegations in paragraphs 1-23 as if set forth here at length.

25      Denied.  Further denied as a conclusion of law.

26.     Denied as a conclusion of law.

27.     Denied.  Further denied as a conclusion of law.

28.     Denied.  Further denied as a conclusion of law.

29.     Denied as a conclusion of law.

30.     Denied.  Further denied as a conclusion of law.

31.     Denied as a conclusion of law.

## Count II

### Patent Infringement under 35 U.S.C. § 271 – '332 Patent

32.     Defendant incorporates its responses to the foregoing allegations in paragraphs 1-31 as if set forth here at length.

33.     Denied.  Further denied as a conclusion of law.

34.     Denied as a conclusion of law.

35.     Denied.  Further denied as a conclusion of law.

36.     Denied as a conclusion of law.

37.     Denied.  Further denied as a conclusion of law.

38.     Denied as a conclusion of law.

## Count III

## Patent Infringement under 35 U.S.C. § 271 – '075 Patent

39.     Defendant incorporates its responses to the foregoing allegations in paragraphs 1-38 as if set forth here at length.

40.     Denied.  Further denied as a conclusion of law.

41.     Denied as a conclusion of law.

42.     Denied.  Further denied as a conclusion of law.

43.     Denied.  Further denied as a conclusion of law.

44.     Denied as a conclusion of law.

45.     Denied.  Further denied as a conclusion of law.

46.     Denied as a conclusion of law.

## Prayer for Relief

WHEREFORE, Defendant respectfully requests judgment in its favor and against Plaintiff, dismissing with prejudice the claims in Plaintiff's Complaint.

## Affirmative Defenses

1.      Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendants upon which relief can be granted.

2.      Some or all of the claims set forth in Plaintiff's Complaint are barred, in whole or in part, by the applicable statute of limitations.

5

3.      Plaintiff is not the owner of the '965, '332, and/or '075 patents.

4.      The '965, '332, and/or '075 patents are invalid.

5.      Defendant did not infringe any of the claims of the '965, '332, and/or '075 patents.

6.      Plaintiff's claims are barred by the doctrine of waiver.

7.      Plaintiff's claims are barred by the equitable doctrine of laches.

8.      Plaintiff's claims are barred by the equitable doctrine of estoppel.

9.      Plaintiff has failed to mitigate damages.

10.     Any alleged injury suffered by Plaintiff did not result from and was not proximately caused by any act or omission, or any wrongful conduct on the part of Defendant.

11.     Plaintiff has misused the '965, '332, and/or '075 patents in violation of the laws of unfair competition by asserting infringement of the patents knowing that the patents are not valid or not infringed.

## Jury Trial Demand

Defendant requests a trial by jury on all issues properly triable to a jury raised in its Answer and Affirmative Defenses.

## COUNTERCLAIMS

1.      This Court has subject matter jurisdiction over Defendant's counterclaims under 28 U.S.C. §§ 1331, 1338.

2.      Venue is proper in this district under 28 U.S.C. § 1391 and 1400.

## The Parties

3.      Counterclaim plaintiff Iron World Manufacturing, LLC ("Iron World") is a Maryland limited liability company with a place of business at 9390 Davis Avenue, Laurel, Maryland 20810.

4.      Counterclaim defendant Barrette Outdoor Living, Inc. ("Barrette") is an Ohio corporation with a principal place of business at 7830 Freeway Circle, Middleburg Heights, Ohio 44130.

## Facts

5.      Counterclaim defendant is a provider of fencing and railing products for residential and commercial applications.  Counterclaim defendant claims to own three patents identified in its complaint, namely, U.S. Patent Nos. 8,413,965; 8,413,332; and 9,151,075, all relating to fencing/railing apparatuses and method for manufacturing a fencing/railing assembly.

6.      Counterclaim plaintiff is a decorative and ornamental fencing and gate manufacturer, specializing in iron fencing and custom fence designs.

7.      Counterclaim defendant filed this action on October 16, 2019.  In its complaint, Barrette raises three (3) counts of patent infringement based generally on the above-identified patents.  Compl., Dkt. #1.

8.      On October 28, 2019, Barrette filed affidavits of service signifying that purportedly, Iron World had been served with the complaint on October 22, 2019.  Affidavits of Service, Dkt. #10.

9.      On December 18, 2019, Barrette requested that default be entered and a default judgment be issued against Iron World for not having answered or otherwise responded to the complaint.  Motion for Default, Dkt. #12-13.  Such default was entered the same day.

7

10.     In its complaint, Barrette fails to specifically identify at least one claim that is infringed by any of Iron World's products and/or conduct.

11.     In its complaint, Barrette fails to specifically identify a direct infringer to support its claims of patent infringement by inducement and/or contributory infringement.

12.     None of Iron World's products or methods of manufacture infringe U.S. Patent Nos. 8,413,965; 8,413,332; or 9,151,075.

13.     On information and belief, Barrette's allegations are inadequate to support its claims of patent infringement.

**Count I – Declaration of Invalidity of U.S. Patent No. 8,413,965**

14.     The allegations of paragraphs 1-13 are incorporated herein by reference as if set forth here at length.

15.     Iron World requests entry of a declaratory judgment, pursuant to 28 U.S.C. § 2201 that U.S. Patent No. 8,413,965 is invalid under the patent laws of the United States, 35 U.S.C. § 1 et seq.

16.     An actual controversy exists between Iron World and Barrette with respect to validity of U.S. Patent No. 8,413,965.

17.     Iron World has and will continue to sustain irreparable harm to its business, reputation, and goodwill unless Barrette is enjoined and restrained by this Court from continuing to pursue its infringement allegations against Iron World.

18.     Iron World has no adequate remedy at law.

**Count II – Declaration of Invalidity of U.S. Patent No. 8,413,332**

19.     The allegations of paragraphs 1-18 are incorporated herein by reference as if set forth here at length.

8

20.     Iron World requests entry of a declaratory judgment, pursuant to 28 U.S.C. § 2201 that U.S. Patent No. 8,413,332 is invalid under the patent laws of the United States, 35 U.S.C. § 1 et seq.

21.     An actual controversy exists between Iron World and Barrette with respect to validity of U.S. Patent No. 8,413,332.

22.     Iron World has and will continue to sustain irreparable harm to its business, reputation, and goodwill unless Barrette is enjoined and restrained by this Court from continuing to pursue its infringement allegations against Iron World.

23.     Iron World has no adequate remedy at law.

**Count III – Declaration of Invalidity of U.S. Patent No. 9,151,075**

24.     The allegations of paragraphs 1-23 are incorporated herein by reference as if set forth here at length.

25.     Iron World requests entry of a declaratory judgment, pursuant to 28 U.S.C. § 2201 that U.S. Patent No. 9,151,075 is invalid under the patent laws of the United States, 35 U.S.C. § 1 et seq.

26.     An actual controversy exists between Iron World and Barrette with respect to validity of U.S. Patent No. 9,151,075.

27.     Iron World has and will continue to sustain irreparable harm to its business, reputation, and goodwill unless Barrette is enjoined and restrained by this Court from continuing to pursue its infringement allegations against Iron World.

28.     Iron World has no adequate remedy at law.

**Count IV – Declaration of Non-infringement of U.S. Patent No. 8,413,965**

29.     The allegations of paragraphs 1-28 are incorporated herein by reference as if set forth here at length.

30.     Iron World requests entry of a declaratory judgment, pursuant to 28 U.S.C. § 2201 that Iron World has not infringed, and is not infringing, U.S. Patent No. 8,413,965.

31.     An actual controversy exists between Iron World and Barrette with respect to infringement of U.S. Patent No. 8,413,965.

32.     Iron World has and will continue to sustain irreparable harm to its business, reputation, and goodwill unless Barrette is enjoined and restrained by this Court from continuing to pursue its infringement allegations against Iron World.

33.     Iron World has no adequate remedy at law.

**Count V – Declaration of Non-infringement of U.S. Patent No. 8,413,332**

34.     The allegations of paragraphs 1-33 are incorporated herein by reference as if set forth here at length.

35.     Iron World requests entry of a declaratory judgment, pursuant to 28 U.S.C. § 2201 that Iron World has not infringed, and is not infringing, U.S. Patent No. 8,413,332.

36.     An actual controversy exists between Iron World and Barrette with respect to infringement of U.S. Patent No. 8,413,332.

37.     Iron World has and will continue to sustain irreparable harm to its business, reputation, and goodwill unless Barrette is enjoined and restrained by this Court from continuing to pursue its infringement allegations against Iron World.

38.     Iron World has no adequate remedy at law.

**Count VI – Declaration of Non-infringement of U.S. Patent No. 9,151,075**

39.     The allegations of paragraphs 1-38 are incorporated herein by reference as if set forth here at length.

40.     Iron World requests entry of a declaratory judgment, pursuant to 28 U.S.C. § 2201 that Iron World has not infringed, and is not infringing, U.S. Patent No. 9,151,075.

41.     An actual controversy exists between Iron World and Barrette with respect to infringement of U.S. Patent No. 9,151,075.

42.     Iron World has and will continue to sustain irreparable harm to its business, reputation, and goodwill unless Barrette is enjoined and restrained by this Court from continuing to pursue its infringement allegations against Iron World.

43.     Iron World has no adequate remedy at law.

**Prayer for Relief**

WHEREFORE, Iron World respectfully requests judgment in its favor on all counterclaims, namely, that the Court declare U.S. Patent Nos. 8,413,965; 8,413,332; and 9,151,075 invalid and unenforceable and that the Court declare that Iron World has not infringed, and is not infringing, U.S. Patent Nos. 8,413,965; 8,413,332; and 9,151,075, as well as such other further relief as the Court may deem just and proper.

Respectfully submitted,

Date: January 27, 2020

Ruy M. Garcia-Zamor
Bar ID: 20579
Garcia-Zamor Intellectual Property Law, LLC
12960 Linden Church Road
Clarksville, Maryland 21029
P: 410-531-9853 ext. 101

11

C: 215-292-2305
F: 410-531-9854
ruy@garcia-zamor.com

Frank A. Mazzeo (*pro hac vice motion to be filed*)
Ryder, Mazzeo & Konieczny LLC
808 Bethlehem Pike, Suite 200
Colmar, PA 18915
(215) 997-0248
fmazzeo@rmkiplaw.com
*Attorneys for Defendant*

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| BARRETTE OUTDOOR LIVING, INC., 7830 Freeway Circle Middleburg Heights, Ohio 44130 | : : : : |
| Plaintiff, | : : |
| vs. | : CIVIL ACTION NO. 1:19-cv-03027-SAG : |
| IRON WORLD MANUFACTURING, LLC, 9390 Davis Avenue Laurel, Howard County, Maryland 20810, | : **JURY TRIAL DEMANDED** : : : |
| Defendant. | : : |

I, Richard Stellabuto, declare as follows:

      1.     I am the president of Iron World Manufacturing, LLC, which is the defendant in the above-captioned action, and I am authorized to sign this declaration on its behalf. I submit this declaration in support of the defendant's motion to set aside the default against it. The statements herein are based either on my personal knowledge or the allegations of the complaint.

      2.     Neither I nor Iron World Manufacturing, LLC has been involved in a federal lawsuit before. As a lay person, I did not know or understand the requirements, obligations, and deadlines associated with the service of a complaint, that Iron World Manufacturing, LLC had a limited time to respond thereto, or what it was required to do in order to respond adequately.

      3.     I was not aware, nor did I receive notice, of the default having been issued for failing to respond to the complaint, nor was I aware or did I receive notice of the deadline to file a motion to set aside the default.

      4.     I was under the impression that I would receive a notice of a trial date having been set and planned to bring this matter to an attorney only at that time.

1

5.      I recently retained counsel for the purpose of evaluating the infringement allegations in the complaint and upon completion of such evaluation, potentially negotiating on behalf of Iron World Manufacturing, LLC with the plaintiff.

6.      My counsel then promptly informed me of the default having been issued.

7.      I have acted diligently and in good faith since receiving notice of the default in engaging counsel to represent Iron World Manufacturing, LLC, which now moves to set aside the default entered against it.

9.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 24, 2020

Richard Stellabuto

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| BARRETTE OUTDOOR LIVING, INC.,<br>7830 Freeway Circle<br>Middleburg Heights, Ohio 44130 | :<br>:<br>:<br>: |
| Plaintiff, | :<br>: |
| vs. | : CIVIL ACTION NO. 1:19-cv-03027-SAG |
| IRON WORLD MANUFACTURING, LLC,<br>9390 Davis Avenue<br>Laurel, Howard County, Maryland 20810, | : **JURY TRIAL DEMANDED**<br>:<br>:<br>: |
| Defendant. | :<br>: |

## PROPOSED ORDER

AND NOW, this _____ day of _____, 2020, upon consideration of

Defendant's motion to set aside the default, Plaintiff's response, if any, and accompanying

memoranda of law, it is hereby ORDERED and DECREED that Defendant's motion is

GRANTED and the default is SET ASIDE.

BY THE COURT:

_____

J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BARRETTE OUTDOOR LIVING, INC.,<br>7830 Freeway Circle<br>Middleburg Heights, Ohio 44130 | :<br>:<br>: |
| | : |
| Plaintiff, | :<br>: |
| | : |
| vs. | : CIVIL ACTION NO. 1:19-cv-03027-SAG |
| | : |
| IRON WORLD MANUFACTURING, LLC,<br>9390 Davis Avenue<br>Laurel, Howard County, Maryland 20810, | : **JURY TRIAL DEMANDED**<br>:<br>: |
| | : |
| Defendant. | : |
| | : |

### CERTIFICATE OF SERVICE

I, Ruy Garcia-Zamor, certify that true and correct copies of the foregoing Motion to Set

Aside Default and accompanying papers were served this date via electronic filing, email, and

US mail upon counsel of record indicated below:

Justus Getty
Duane Morris LLP
505 9th Street, N.W., Suite 1000
Washington, DC 20004-2166
jlgetty@duanemorris.com

David J. Wolfsohn
Tyler R. Marandola
Duane Morris LLP
30 S. 17th Street
Philadelphia, PA 19103
djwolfsohn@duanemorris.com
tmarandola@duanemorris.com
*Attorney for Plaintiff*

Respectfully submitted,

Date: January 27, 2020

Ruy M. Garcia-Zamor
Bar ID: 20579
Garcia-Zamor Intellectual Property Law, LLC
12960 Linden Church Road
Clarksville, Maryland 21029
P: 410-531-9853 ext. 101

C: 215-292-2305
F: 410-531-9854
ruy@garcia-zamor.com